UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Sally McGinnis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2020 C |
| v. | ) | |
| | ) | |
| Costco Wholesale Corporation Employee | ) | |
| Benefits Program, Costco Benefits Committee | ) | |
| and Costco Wholesale Corporation, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Sally McGinnis, by her attorneys, OLIVER CLOSE, LLC, for her

Complaint against Defendants Costco Wholesale Corporation Employee Benefits

Program and Costco Wholesale Corporation, a foreign corporation, states as follows:

## COUNT I

1. Plaintiff is now, and at all times relevant to this action, has been a resident

of the City of Crystal Lake, County of McHenry and State of Illinois. Since July 6, 2016,

Defendant Costco Wholesale Corporation (Costco) has employed Plaintiff in its store

located in the Village of Lake in the Hills, County of McHenry and State of Illinois

2. Defendant Costco is a foreign corporation, doing business in the County

of McHenry and State of Illinois. On July 6, 2016, and all other dates relevant to this Complaint, Defendant Costco was the plan sponsor for the Costco Wholesale Corporation Employee Benefits Program (Costco Benefits Program).

3.      Defendant Costco Benefits Program is an employee benefit plan, located in the State of Washington.

4.      Defendant Costco Benefits Committee is the plan administrator for the Costco Benefits Program, and is also located in the State of Washington.

5.      This Court has jurisdiction of this Count I pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), (f).

6.      Venue is properly set in this District under 28 U.S.C. §§ 1391 and 29 U.S.C. § 1132(e)(2). A substantial part of the events and omissions giving rise to this claim and the breach of the plan both occurred in the Northern District of Illinois, Western Division.

7.      Under the Summary Plan Description for the Costco Benefits Program (Summary Plan Description), Plaintiff became eligible for health benefits the first day of the second month after she worked 450 hours at Costco. Plaintiff had worked 450 hours on or about November 27, 2016, and became eligible for health benefits on January 1, 2017.

8.      Despite her eligibility under the Summary Plan Description, Plaintiff's manager prevented her and other Costco employees from obtaining health benefits under the Costco Benefits Program when she became eligible.

9.      Defendants Costco, Costco Benefits Committee and Costco Benefit Program failed and refused to enroll Plaintiff in the Costco Benefit Program until May 1, 2017, in violation of the terms of the Summary Plan Description and 29 U.S.C. § 1132(a)(1)(B).

10.      Despite the Summary Plan Description, Costco, Costco Benefits Committee and Costco Benefit Program provided health benefits 90 days after their date of hire to other employees hired in Defendant's Lake in the Hills store after Plaintiff. If Plaintiff had received health benefits 90 days after her date of hire, her benefits would have begun October 1, 2016.

11.      The Costco Benefit Program provided that Plaintiff would receive default medical, dental, vision, life and accidental death and disability coverage, even if Plaintiff did not elect a benefit plan option.

12.      Plaintiff is a participant in the Costco Benefit Program, and is entitled to reasonable attorney's fees for this action under 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff Sally McGinnis prays that this Court enter judgment in

3

her favor and against Defendants Costco Wholesale Corporation, Costco Benefits Committee and Costco Wholesale Corporation Employee Benefits Program, as follows:

A.     Awarding Plaintiff the plan benefits she should have received from the Costco Wholesale Corporation Employee Benefits Program as of October 1, 2016, and enforcing her rights under its terms as of October 1, 2016;

B.     Remand this claim to Costco Benefits Committee to review Plaintiff's claim and award her the plan benefits she should have received from the Costco Wholesale Corporation Employee Benefits Program as of October 1, 2016, and enforcing her rights under its terms as of October 1, 2016;

C.     Awarding Plaintiff her attorney fees, litigation expenses and costs of this suit pursuant to 29 U.S.C. § 1132(g);

D.     Granting Plaintiff such other and further relief as this Court deems just and proper.

<u>COUNT II</u>

1.-12.   Plaintiff repeats the allegations of Paragraphs 1.-12. of Count I as Paragraphs 1.-12. of this Count II.

13.     Although Plaintiff was eligible for health benefits under the Summary Plan Description as of January 1, 2017, Defendant Costco Benefits Committee violated

4

its fiduciary duty by failing to provide Plaintiff health benefits as of January 1, 2017, in violation of the terms of the Summary Plan Description.

14.     Defendants Costco, Costco Benefits Committee and Costco Benefit Program failed and refused to enroll Plaintiff in the Costco Benefit Program until May 1, 2017, in violation of Defendant Costco Benefits Committee's fiduciary duty and the terms of the Summary Plan Description. Defendants failed to monitor the persons responsible for enrolling employees in the Costco Benefit Program at the location at which Plaintiff was employed, and allowed them to exclude Plaintiff from the Costco Benefit Program, even though employees were supposed to be enrolled by default.

15.     Defendant Costco knew or should have known of its employee's failure to enroll Plaintiff in the Costco Benefit Program at the location at which Plaintiff was employed, and participated in the failure.

16.     Because Defendants Costco, Costco Benefits Committee and Costco Benefit Program did not enroll Plaintiff in the health benefit plan, Plaintiff maintained her health care continuation plan with her former employer from October 1, 2016, to May 1, 2017. Her premiums for the health care continuation plan were at least $10,000 greater than the portion of the premiums she would have paid with Defendant's Costco's health benefit plan.

WHEREFORE, Plaintiff Sally McGinnis prays that this Court enter judgment in her favor and against Defendants Costco Wholesale Corporation, Costco Benefits Committee and Costco Wholesale Corporation Employee Benefits Program, as follows:

A.     Awarding Plaintiff the plan benefits she should have received from the Costco Wholesale Corporation Employee Benefits Program as of October 1, 2016, and enforcing her rights under its terms as of October 1, 2016, and make her whole for the premiums she was required to pay for her health care continuation plan with her former employer in excess of $10,000.00 by virtue of Defendants' fiduciary breach;

B.     Awarding Plaintiff her attorney fees, litigation expenses and costs of this suit pursuant to 29 U.S.C. § 1132(g);

C.     Granting Plaintiff such other and further relief as this Court deems just and proper.

COUNT III

1.-12.   Plaintiff repeats the allegations of Paragraphs 1.-12. of Count I as Paragraphs 1.-12. of this Count III.

17.     Defendants Costco, Costco Benefit Program and Costco Benefits Committee failed to provide Plaintiff notice of her plan benefit rights under 29 U.S.C. §

1166(a)(1), and failed to provide Plaintiff a summary plan description under 29 U.S.C. § 1021(a) until her enrollment.

18.     Under 29 U.S.C. § 1132(c)(1), Defendant Costco Benefits Committee is liable to Plaintiff for $100 per day for failing to provide Plaintiff notice of her plan benefit rights under 29 U.S.C. § 1166(a)(1), and for failing to provide Plaintiff a summary plan description under 29 U.S.C. § 1021(a) until her enrollment

WHEREFORE, Plaintiff Sally McGinnis prays that this Court enter judgment in her favor and against Defendants Costco Wholesale Corporation, Costco Benefits Committee and Costco Wholesale Corporation Employee Benefits Program, as follows:

A.     Awarding Plaintiff $100 per day from July 1, 2016, to the date either Defendants Costco Wholesale Corporation, Costco Benefits Committee or Costco Wholesale Corporation Employee Benefits Program notified Plaintiff of her plan benefit rights under 29 U.S.C. § 1166(a)(1) and 1132(c)(1);

B.     Awarding Plaintiff her attorney fees, litigation expenses and costs of this suit pursuant to 29 U.S.C. § 1132(g);

C.     Granting Plaintiff such other and further relief as this Court deems just and proper.

Sally McGinnis, Plaintiff

By:     OLIVER CLOSE, LLC


By:____/s/  John Rearden, Jr.
        One of her attorneys


John Rearden, Jr.
Oliver Close, LLC
124 N. Water St., Suite 300
P.O. Box 4749
Rockford, IL, 61110-4749
815/963-0009
jrearden@oliverclose.com